| iSHORTESS, Judge,
concurring.
Plaintiff asked us to clarify our previous ruling in which we stated:
We reverse the trial court on the issue of coverage and find that the defendant has a duty to defend or indemnify the plaintiff in the Texas litigation.
Plaintiff requests that we clarify whether we intended to state “defend and indemnify.” We did not. The record on appeal did not indicate the status of the Texas litigation which formed the basis for the case on appeal. If the litigation had been terminated or settled, defendants would no longer have had a duty to defend, but would be responsible for prior defense costs. If the litigation was or is ongoing, the duty to defend still was or is an active duty.
We did not decide the extent of coverage afforded by the policy because not all of the allegations in the petition were covered by the policy.
We were faced with the question of whether a particular exclusion unambiguously excluded coverage. We found that it did not. However, whether every allegation in the petition would or would not be covered by the policy was not before us on this appeal.